IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUCONDA FENDERSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security )<br>)<br>    Defendant. ) | CASE NO. 2:12-cv-542-TFM<br>[wo] |

**MEMORANDUM OPINION AND ORDER**

On June 25, 2012, Plaintiff filed a *pro se* complaint with this Court seeking Social Security Benefits. On June 26, 2012, the Court Ordered the Commissioner to answer the Complaint within ninety days after service and for the Plaintiff to file a brief in support forty days after the filing of the answer. (Doc. 3). On September 25, 2012, the Commissioner filed her answer; thus, Plaintiff's brief was due on November 4, 2012. The Plaintiff failed, however, to file her brief in support as directed by this Court's Order. Pursuant to 28 U.S.C. § 636 (c), the parties have consented to entry of final judgment by the United States Magistrate Judge. (Docs. 11 and 12). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 636(c).

On November 15, 2013, the Court issued a show cause Order directing Plaintiff to explain her failure to file her brief in a timely fashion and to file her brief with this Court on or before November 25, 2013. (Doc. 13). On November 22, 2013, Plaintiff filed a response to this Court's Order wherein she stated that her failure to file her brief was due

to her inability to find counsel to represent her.  She asked for additional time to find an attorney and to comply with the Court's Order.  (Doc. 14).  The Court granted her request for additional time and required that she file her brief on or before January 3, 2014.  The Court further stated that "**Plaintiff is CAUTIONED that failure to file her brief by this date shall result in an Order of dismissal by the Court for failure to prosecute this action.  No further extensions will be granted**."  (Doc. 15).  Plaintiff again failed to file her brief in support of her claim.

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Indeed, since issuing the initial Order of procedure (Doc. 3), the Court has granted Plaintiff two extensions of time to file her brief.  Moreover, the Court notes that after the Commissioner filed her answer (Doc. 9),

Plaintiff filed nothing in support of her claims with the Court for over a year.  Not until after the issuance of the show cause Order by this Court (Doc. 13) did Plaintiff provide any explanation for her delay. (Doc. 14).  As a result of her explanation the Court again provided Plaintiff forty days to file her brief in response.  (Doc. 15).  Her failure to file her brief by January 3, 2014, as instructed by this Court warrants dismissal of this action.  Accordingly it is

ORDERED that this case be and hereby is DISMISSED without prejudice for lack of prosecution

DONE this 9th day of January, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE